**IN THE UNITED STATES DISTRICT COURT**
EASTERN DISTRICT OF ARKANSAS
WESTERN   DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| VS. | * | |
| | * | NO: 4:08CR00413   SWW |
| DAVID WILLIAM GOLDEN | * | |
| | * | |
| | * | |

## ORDER

The indictment filed in this case charges Defendant David William Golden with threatening the President-Elect of the United States on November 5, 2008.  For reasons stated below, unless the parties object, the Court will adopt the findings set forth in the psychiatric report filed under seal on March 2, 2010, and commit Golden to the custody of the Attorney General for a risk assessment pursuant to 18 U.S.C. § 4246(a).  <u>The parties are directed to file notice within 15 days from the entry date of this order stating whether they object to the Court's proposed course of action or whether they request a hearing</u>.

On November 17, 2008, the Court granted Golden's motion for a psychiatric examination and committed Golden to the custody of the Attorney General for a psychological examination pursuant to 18 U.S.C. § 4241.

On March 3, 2009, with no objections from the parties, the Court adopted findings set forth in a psychiatric report prepared in accordance with the Court's commitment order and 18 U.S.C. § 4247(b) and found Golden incompetent to stand trial.  Golden, through counsel, filed notice of his intent to rely upon the defense of insanity, and the United States moved that Golden be hospitalized for treatment pursuant to 18 U.S.C. § 4241(d)(1) and (2).

The Court entered an order granting the United States' motion and committing Golden to the custody of the Attorney General for treatment to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit a trial to proceed. In addition to committing Golden to the custody of the Attorney General for the aforementioned purpose, the Court ordered an examination pursuant to 18 U.S.C. § 4242(a) to determine whether Golden was insane at the time of the offense charged.

After several continuances of Golden's period of hospitalization, on March 2, 2010, the United States filed a report of Golden's psychiatric evaluation submitted by the Warden of the Federal Medical Center in Butner, North Carolina. The report states that Golden continues to suffer from a mental disease or defect rendering him mentally incompetent to stand trial because he does not have the capacity to assist properly in his defense. The report further states that Golden cannot be restored to competency with additional treatment.

Now before the Court is the United States' motion for Golden to undergo a risk assessment pursuant to 18 U.S.C. § 4246. In his response, Golden requests a copy of certification pursuant to 18 U.S.C. 4246(a) and a hearing pursuant to 18 U.S.C. § 4247(d).

Before Golden can be subject to the provisions of 18 U.S.C. § 4246, the Court must determine whether he remains incompetent to stand trial. If the Court finds, by a preponderance of the evidence, that Golden remains incompetent to stand trial and that he will not attain sufficient capacity to stand trial, the Court must then commit Golden for a risk assessment pursuant to § 4246 to determine whether he would pose a substantial risk of bodily injury to another person or serious damage to the property of another upon release. *See* 18 U.S.C. § 4241(d)("If . . . it is determined that the defendant's mental condition has not so improved as to

permit the proceedings to go forward, the defendant is subject to the provisions of 4246 and 4228.").

Finally, if the director of the facility in which Golden is hospitalized certifies that he poses a substantial risk of bodily injury to another person or serious damage to the property of another and that suitable arrangements for state custody are not available, "he shall transmit the certificate to the court for the district in which [Golden] is confined." *See* 18 U.S.C. § 4246(a). Accordingly, any commitment proceedings would likely take place in the United States District Court for the Eastern District of North Carolina.

Unless the parties object, the Court will adopt the findings set forth in the psychiatric report filed March 2, 2010, and commit Golden to the custody of the Attorney General for a risk assessment pursuant to 18 U.S.C. § 4246(a).  **The parties are hereby ordered to file notice, within 15 days from the entry of this order, stating whether they object to the Court's proposed course of action and whether they request a hearing on the matter**.

IT IS SO ORDERED THIS 8TH   DAY OF MARCH, 2010.


/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE